IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY GREEN and RAYMOND FOSTER, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUTLER VOLKSWAGEN, INC., BUTLER AUTOMOTIVE GROUP, INC., GM BUTLER, INC., BUTLER FORD, INC., BUTLER MANAGEMENT SERVICES, INC., J.J. BUTLER, INC., BUTLER CHRYSLER DODGE JEEP, INC. and G. MARSHALL BUTLER,<br><br>Defendants. | Civil Action No.: 5:11-cv-291<br><br>Jury Trial Demanded |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, to recover money damages for unpaid minimum wages and other unpaid compensation owed to Johnny Green and Raymond Foster (collectively "Plaintiffs") and all other similarly situated persons.

### JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Butler Volkswagen, Inc., Butler Automotive Group, Inc., GM Butler, Inc.; Butler Ford, Inc.; Butler

1

Management Services, Inc., J.J. Butler, Inc.; Butler Chrysler Dodge Jeep, Inc. and G. Marshall Butler (collectively "Defendants") are located in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

## PARTIES

3.

Plaintiff Johnny Green ("Green") is a current employee of Defendants who is employed at Butler Volkswagen/Butler Max of Macon as an automobile salesperson.

4.

Plaintiff Raymond Foster ("Foster") is a current employee of Defendants who is employed at Butler Volkswagen/Butler Max of Macon as an automobile salesperson.

5.

Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former automobile salespersons of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b). Plaintiffs Green and Foster's consents to serve as employee representatives are attached hereto collectively as Exhibit "A" and incorporated herein.

6.

Plaintiffs Green and Foster are each an "employee" within the meaning of 29 U.S.C. §203(e).

7.

Defendant Butler Volkswagen, Inc. is a Georgia corporation licensed to do business in the State of Georgia, and one of several related, closely, privately held automobile dealership locations or entities operating under the umbrella of the joint marketing entity, organization or

fictitious name Butler Automotive Group or Butler Motor Group (collectively "Butler Automotive Group").

8.

Butler Automotive Group maintains a joint dealership website located at www.butlermotorgroup.com, which when describing "About Butler Auto Group" states "The Butler family has been in the car business for three generations, beginning back in 1933 in Alma, Georgia. In 1970 Marshall Butler bought a Toyota dealership in Macon, Georgia and over the years has grown his business to include Ford, Honda, Toyota (2), Lexus, Volkswagen, Acura, BMW (2), Chrysler, Dodge and Jeep." (www.butlermotorgroup.com/web/about).

9.

Upon information and belief, Butler Automotive Group is comprised of a group of closely, privately held automobile dealership locations or entities that include the following Georgia corporations that are also named Defendants: Butler Volkswagen, Inc., Butler Automotive Group, Inc., GM Butler, Inc., Butler Ford, Inc., Butler Management Services, Inc., J.J. Butler, Inc., Butler Chrysler Dodge Jeep, Inc. and other corporate entities whose identities are not yet known (collectively the "Butler Corporate Entities").

10.

The Butler Corporate Entities may be served with process via service upon their registered agent, Blair K. Cleveland, at 240 Third Street in Macon, Georgia 31201.

11.

Defendant G. Marshall Butler is the Chief Executive Officer and Chief Financial Officer of the Butler Corporate Entities and may be served with process via personal service on him at his business address of 4580 Riverside Drive in Macon, Georgia 31210.

12.

Each of the related corporate entities represents either a "Butler Automotive Group" dealership location or it is the registered owner of a fictitious name under which the "Butler Automotive Group" transacts business, including: Acura of Columbus, BMW of Macon, BMW of Columbus, Butler Toyota, Butler Ford, Butler Max of Macon, Butler Chrysler Dodge Jeep, Butler Auto Direct, Butler Honda, Valdosta Toyota, Butler Lexus and Butler Volkswagen.

13.

Each Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d), as each was acting directly or indirectly in the interests of the Butler Corporate Entities and G. Marshall Butler as an employer in relation to an employee.

14.

Defendants are joint employers under the FLSA as collectively they controlled the terms and conditions of each Plaintiff's employment and that of each member of the class that Plaintiffs represent.

**FACTUAL ALLEGATIONS COMMON TO ALL PLAINTIFFS
AND THE CLASS THEY REPRESENT**

15.

This action is brought by Plaintiffs on behalf of all current and former employees of Defendants employed as automobile salespersons for violations of the FLSA based upon Defendants' systematic failure to properly compensate them for all hours worked.

16.

Plaintiffs and the class they represent all were employees engaged in commerce and were employed by an enterprise engaged in commerce, *i.e.* working as automobile salespersons for automobile dealers.

17.

Plaintiffs and the class they represent were paid on a commissions basis under a draw compensation based pay plan, which allowed for weekly draws against future commissions (hereinafter the "Draw Policy").

18.

Under the Draw Policy, Plaintiffs were paid a draw on a weekly basis (hereinafter "Draw Period"), based upon a forty (40) hour workweek, multiplied by the minimum wage rate applicable during that pay period.

19.

From July 24, 2008, through July 23, 2009, the applicable minimum wage rate was $6.55 per hour, which equals $262.00 for each weekly Draw Period.

20.

Since July 24, 2009, the applicable minimum wage rate is $7.25 per hour, which equals $290.00 for each weekly Draw Period.

21.

Plaintiffs and the class they represent were routinely scheduled to work, and actually did work, more than forty (40) hours per week.

22.

Defendants failed to pay Plaintiffs and each member of the class they represent any compensation for hours worked in excess of forty (40) during each weekly Draw Period.

23.

The time worked by the Plaintiffs and each member of the class they represent was recorded either by a time clock, a punch clock, a time sheet or a sign-in sheet in the exclusive custody and control of Defendants.

24.

For each minute they worked in excess of forty (40) hours during each weekly Draw Period, the actual hourly rate of compensation to Plaintiffs and each member of the class dropped below the required minimum wage rate.

25.

In addition to the weekly draw, the Defendants also calculated and paid commission compensation on a weekly basis (hereinafter "Settlement Period") to automobile salespersons based upon commissions earned from the sale of automobiles by Plaintiffs and each member of the class during that week.

26.

On numerous weekly occasions, Plaintiffs and members of the class earned no commissions and were only paid the weekly draw.

27.

During these numerous weekly occasions when the only compensation paid was the weekly draw, Defendants failed to pay minimum wages to the Plaintiffs and each member of the class during both each weekly Draw Period and each weekly Settlement Period.

28.

On numerous weekly occasions, Plaintiffs and members of the class earned commissions that were less than the amounts they were paid as the weekly draw.

29.

During these numerous weekly occasions when the commissions earned during a weekly Settlement Period were less than the weekly draw, the amount of the shortage by which an employee's draw exceeded commissions was carried forward by Defendants to the following weekly Settlement Period as money owed by the employee to the Defendants.

30.

Defendants would continue to carry forward the amount of the shortage from weekly Settlement Period to weekly Settlement Period until the employee's commissions in a Settlement Period exceeded the carried forward balance owed by the employee to the Defendants.

31.

During these numerous weekly occasions when the amount of the shortage from weekly Settlement Period to weekly Settlement Period was carried forward as a balance owed by the employee to the Defendants, Defendants failed to pay minimum wages to the Plaintiffs and each member of the class during both each weekly Draw Period and each weekly Settlement Period.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wages)**

32.

Plaintiffs reallege paragraphs 1 through 31 as if fully set forth herein.

33.

At all times during their employment, Plaintiffs and the class they represent were employees required to be paid a minimum hourly wage for every hour worked for the Defendants.

34.

Since on or about July 27, 2008, through the filing of this Complaint, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 206 and §215(a)(2) by failing to pay Plaintiffs

and other similarly situated automobile salespersons a minimum hourly wage during numerous applicable weekly pay periods.

35.

Since on or about July 27, 2008, through the filing of this Complaint, Defendants have violated the provisions of the FLSA by failing to pay Plaintiffs and other similarly situated automobile salespersons a minimum hourly wage during numerous applicable weekly pay periods by carrying forward from weekly Settlement Period to weekly Settlement Period the amount of the shortage by which an employee's draw exceeded commissions as money owed by the employee to the Defendants.

36.

Defendants' failure to compensate Plaintiffs and the class they represent at least a minimum wage for every hour worked during each applicable pay period is an intentional violation of the FLSA.

37.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices and underpayment of minimum wages were in violation of these laws.

38.

Said intentional and willful violations give rise to claims for relief under the FLSA for the Plaintiffs and for each member of the class they represent for underpaid minimum wage compensation for three (3) years prior to the filing of this Complaint, liquidated damages in an

amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

39.

By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request this Court:

(a) Take jurisdiction of this matter;

(b) Permit this action to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b) for those employees, past and present, who opt in to participate by filing proper written notice with the Court;

(c) Issue a judgment declaring that each Plaintiff and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(d) Issue an Order holding Defendants to be joint employers under the FLSA;

(e) Issue a Judgment against Defendants that their violations of the FLSA were willful;

(f) Award each Plaintiff and each member of the class they represent payment for unpaid minimum wages for the three (3) years preceding the filing of this Complaint;

(g) Award each Plaintiff and each member of the class they represent payment of liquidated damages equaling 100% of their unpaid wages;

(h) Award each Plaintiff and each member of the class they represent prejudgment interest;

(i) Award each Plaintiff and each member of the class they represent reasonable attorneys' fees and costs incurred in prosecuting these claims;

(j) Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(k) Grant leave to amend to add claims under applicable state and federal laws;

(l) Grant lave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d), as may be determined at a later time;

(m) Issue an order requiring Defendants to preserve all electronically stored information relevant to this lawsuit;

(n) Issue preliminary and permanent injunctions directing the Defendants to comply with the provisions of the FLSA; and

(o) Award any such further relief as the Court deems just, equitable and proper.

**[signatures on following page]**

Respectfully submitted this 26th day of July, 2011.

        Respectfully submitted,

        s/ Joshua A. Millican
        Joshua A. Millican
        Georgia Bar No. 508998
        LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
        The Grant Building, Suite 607
        44 Broad Street, N.W.
        Atlanta, Georgia 30303
        Telephone: (404) 522-1152
        Facsimile: (404) 522-1133
        joshua.millican@lawofficepc.com

        Lisa T. Millican
        Georgia Bar No. 309046
        GREENFIELD MILLICAN P.C.
        The Grant Building, Suite 607
        44 Broad Street, N.W.
        Atlanta, GA 30303
        Telephone: (404) 522-1122
        Facsimile: (404) 522-1133
        lisa.millican@lawofficepc.com

        **Counsel for Plaintiffs**

# EXHIBIT A

<u>CONSENT TO SERVE AS A
PLAINTIFF REPRESENTATIVE UNDER THE
FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)</u>

I, Johnny Green, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Butler Automotive Group, Inc. and/or any other Butler Automotive Group, Inc., subsidiary, related corporations, limited liability companies, entities, firms or persons and to represent the interests of the class members with respect to all cognizable claims for unpaid wages, overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This 21 day of July, 2011.

_____
Signature

## CONSENT TO SERVE AS A

## PLAINTIFF REPRESENTATIVE UNDER THE

## FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Raymond Foster, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Butler Automotive Group, Inc. and/or any other Butler Automotive Group, Inc., subsidiary, related corporations, limited liability companies, entities, firms or persons and to represent the interests of the class members with respect to all cognizable claims for unpaid wages, overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This day 21 of July, 2011.

_____
Signature