IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY GREEN, RAYMOND FOSTER, RONNIE JACKSON, MICHAEL MEMINGER and LISA PENNAMON, Individually, and on behalf of all others similarly situated, | : : : : : : | CASE NO. 5:11-CV-291 (CAR) |
| Plaintiffs, | : : | |
| v. | : : | |
| BUTLER VOLKSWAGEN, INC. and GM BUTLER, INC., | : : : | |
| Defendants. | : | |

ORDER ON JOINT MOTION TO APPROVE SETTLEMENT,
CERTIFY ACTION, AND AUTHORIZE ISSUANCE OF NOTICE

Currently before the Court is the parties' Joint Motion for an Order Certifying this Action as a Collective Action Pursuant to 42 U.S.C. § 216(b), Approving the Settlement and Authorizing Issuance of the Notice of Lawsuit and Settlement [Doc. 18]. Attached to the Motion is a copy of the parties' Settlement Agreement and a Notice of Settlement and Lawsuit.  As explained below, the Court **DENIES** the Motion without prejudice and hereby **VACATES** the Settlement Order issued by this Court on December 15, 2011. [Doc. 17].

1

Plaintiffs Johnny Green, Raymond Foster, Ronnie Jackson, Michael Meminger, and Lisa Pennamon, who were employed by Defendants between April 25, 2009, and October 28, 2011, filed suit against Defendants Butler Volkswagen, Inc.; Butler Automotive Group, Inc.; GM Butler, Inc.; Butler Ford, Inc.; Butler Management Services, Inc.; J.J. Butler, Inc.; Butler Chrysler Dodge Jeep, Inc.; and G. Marshall Butler on July 26, 2011, seeking to recover unpaid wages allegedly withheld from them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  Plaintiffs filed an Amended Complaint on September 14, 2011, alleging the same claims against only Defendant Butler Volkswagen, Inc. and GM Butler, Inc.  The parties have now agreed to settle Plaintiffs' claims and are seeking certification of this action as a collective action and judicial approval of the settlement agreement as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982).

Typically, courts follow a two-tiered approach when handling collective actions under the FLSA.  Hipp v. Nat'l Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001).  The first stage of a FLSA action, the "notice stage," requires the district court to make a determination whether notice of the action should be sent to all potential plaintiffs. Id. at 1218.  This is a lenient standard, and usually results in conditional certification of the potential class of plaintiffs.  If the court certifies the class, putative class members are notified and given the chance to "opt-in." Id.  After discovery is essentially complete,

the defendants then typically file a motion for decertification. The court has much more information regarding the parameters of the class at this point, and whether the plaintiffs are similarly situated. Id. Depending on the court's decision regarding decertification, the action moves forward to trial or the court decertifies the class and dismisses the opt-in plaintiffs without prejudice. Id.

The parties' requested approach in this case is very different. The parties ask that the Court, in one fell swoop, approve the terms of the settlement agreement, certify the case as a collective action, authorize issuance of notice of the lawsuit and settlement to potential plaintiffs, and dismiss this case with prejudice. The Court has many concerns regarding this approach.

As a threshold matter, the parties are asking the Court to certify the class based on little to no evidence, and the parties freely admit that they have not engaged in formal discovery. Although the Court is presented with a finite class, specifically individuals "who were employed as automobile salespersons by Defendants at Butler Toyota, Butler Auto Direct, Butler Volkswagen and/or Butler Max of Macon at any time between April 25, 2009, and October 28, 2011," the Court is unclear whether these individuals are actually similarly situated given they were employed at different periods and at different locations all under the Butler name. [Doc. 18-1]. In addition, despite the definitive aspects of the potential class, at this point the Court, as well as the

parties, have no idea how many of these putative class members will actually opt-in. Thus, the parties are asking this Court to approve a class without knowing the size of the class, and approve a Settlement Agreement binding these unknown plaintiffs.

The Court notes that the named Plaintiffs "ha[ve] no right to represent" these putative class members, and the case really cannot be a collective action until those class members give their written consent. Cameron-Grant v. Maxim Healthcare Serv., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003). Certifying an action as collective before it actually becomes collective is inappropriate and unfair to the putative class members. In addition, once the named plaintiffs in an FLSA action have settled, the entire case becomes moot. This Court then would have no jurisdiction over the case to require notice to be issued to the remaining potential class members. Id.; Perez v. Avatar Properties, Inc., No. 6:07-CV-792-Orl-28DAB, 2008 WL 4853642 (M.D. Fla. Nov. 6, 2008) ("a §216(b) plaintiff has no claim that he is entitled to represent other plaintiffs").

Further, collective actions under the FLSA are fundamentally different from Rule 23 class actions. Under 29 U.S.C. § 216(b), until a class member gives affirmative consent, "no person will be bound by or may benefit from judgment." Cameron-Grant, 347 F.3d at 1249 (citations omitted). Thus, the Court may approve the Settlement Agreement, but that approval is not effective as to members of the class who have not

yet opted into the suit.  Ultimately, "the existence of a collective action under [29 U.S.C.] § 216(b) does depend on the active participation of other plaintiffs." Id.

Even assuming this action should be certified as collective, the Settlement Agreement in question does not appear to meet the Lynn's Food Stores standard.[1]  In reviewing a settlement of a private FLSA claim, this Court must "scrutinize[ ] the settlement for fairness," and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355.  If a settlement is a fair compromise, "the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.  Here, the Settlement Agreement does not give the putative class members the opportunity to file substantive objections to the terms.  An opt-in plaintiff may object as follows:

> The only objection, which may be filed by any Potential Plaintiff or Opt-In Plaintiff, is an objection as to the proper calculation due to clerical errors within the payment allocation.  Any such objection shall be made to Plaintiffs' Counsel who shall use reasonable procedures for resolution of the objection.  Neither Potential Plaintiffs nor Opt-In Plaintiffs may file

---

[1] The Court acknowledges the line of cases from the Middle District of Florida that indicate that judicial approval is not required when an employer "offers the plaintiff full compensation on his FLSA claim." Su v. Electronic Arts, Inc., No. 6:05-CV-131-Orl-28JGG, 2006 WL 4792780, at *2 (M.D. Fla. Apr. 26, 2006).  In the case currently before the Court, the parties have agreed to provide each class member "two times the amount of unpaid time for which they were not properly compensation for minimum wages." [Doc. 18-2, p.3].  However, there is no indication that this settlement amount represents full compensation for each plaintiff.  If the Settlement Agreement represents full compensation for each potential plaintiff, the Court will entertain arguments regarding whether judicial approval is required.

>any other objections. All objections must be made to Plaintiffs' Counsel within thirty (30) days from the date the Notices and Consent to Join Forms were mailed to the Potential Plaintiffs.

[Doc. 18-1, p. 11]. The Court acknowledges that a plaintiff has the choice not to opt-in to this action and consequently would not be bound by the judgment. However, given the amounts allegedly owed to each individual plaintiff pursuant to the Settlement Agreement, the costs of initiating such an action would likely far outweigh any potential benefit to any individual class member.

In light of the Court's concerns, it will adopt a modified two-tiered approach. The Court cannot evaluate the fairness of the settlement until each potential plaintiff has been given notice and the opportunity to opt into the class. Thus, the parties are instructed to file a motion for conditional certification and request to issue notice of the suit. Since the case is essentially complete, the Court will conditionally certify the class for settlement purposes only. Consequently, the notice as currently submitted is insufficient and must be amended to show that the Court will finally approve the settlement once the putative class members have had the opportunity to opt-in and submit any objections. After the "opt-in" time has run, the parties may re-file their request for approval of the Settlement Agreement. See Su, 2006 WL 4792780 (adopting modified two-tiered approach); Hosier v. Mattress Firm, Inc., No. 3:10-CV-294-J-32JRK, 2011 WL 7071062 (M.D. Fla. Dec. 29, 2011) (rejecting parties' request to certify action,

approve settlement, issue notice, and dismiss case and adopting modified two-tiered approach instead).

Based on the foregoing reasons, the parties' Joint Motion is **DENIED** without prejudice. [Doc. 18].  The Court's Settlement Order of December 15, 2011 was entered in error and is hereby **VACATED**.  [Doc. 17].

SO ORDERED, this 23rd day of February, 2012.


                                              S/  C. Ashley Royal
                                              C. ASHLEY ROYAL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT


AES/ssh