IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY GREEN, RAYMOND FOSTER, RONNIE JACKSON, MICHAEL MEMINGER and LISA PENNAMON, Individually, and on behalf of all others similarly situated, :<br><br>Plaintiffs, :<br><br>v. :<br><br>BUTLER VOLKSWAGEN, INC. and GM BUTLER, INC., :<br><br>Defendants. : | CASE NO.<br>5:11-CV-291 (CAR) |

**ORDER ON JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**

This matter is currently before the Court on the parties' Joint Motion for Final Approval of Settlement. [Doc. 28]. The parties seek judicial approval of the settlement of Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). As explained below, the Court **GRANTS** the parties' Motion, approves the negotiated amount of attorney's fees, and hereby **DISMISSES** this case with prejudice.

Plaintiffs Johnny Green, Raymond Foster, Ronnie Jackson, Michael Meminger, and Lisa Pennamon filed this action in July 2011 on behalf of themselves and other similarly situated potential plaintiffs. Plaintiffs allege Defendants violated the FLSA by failing to pay their employees minimum wages for all hours worked. Throughout this

1

action, Defendants have denied that they willfully violated the FLSA, and contend they exercised good faith in determining how the FLSA applied to their employees.

On January 16, 2012, the parties filed a joint motion seeking certification of this action as a collective action under the FLSA, and the parties simultaneously sought approval of the settlement and issuance of notice of the suit. [Doc. 18]. The parties attached a copy of the Settlement Agreement to their motion. The Court denied the motion without prejudice, opting for a two-tiered approach to the settlement process. [Doc. 19].

In accordance with this Court's prior Order [Doc. 19], the parties filed a Joint Motion for Conditional Certification for Settlement Purposes [Doc. 20] on March 7, 2012. The Court granted this motion [Doc. 21], and on March 16, 2012, Plaintiffs' counsel mailed notices to 130 former employees of Defendants. A total of 59 individuals opted-in to the action and became Plaintiffs. Thus, the current collective class consists of 64 individual Plaintiffs, including the five named Plaintiffs. The parties are now seeking judicial approval of the Settlement Agreement as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). No objections to the Settlement Agreement have been filed.

### A. Motion to Approve Settlement Agreement

In reviewing a settlement of a private FLSA claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355. The court may approve the settlement if it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." Id. at 1354.

Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of unpaid wages each Plaintiff is entitled to receive. Having reviewed the matter, the Court concludes that the terms of the settlement are embodied in the Settlement Agreement, and are fair and reasonable resolutions of the bona fide disputes. Thus, the Court **GRANTS** the Joint Motion for Final Approval of Settlement.

### B. Attorneys' Fees

Judicial scrutiny of FLSA settlements encompasses not only the amounts paid to employees to resolve their FLSA claims, but also the amount of attorneys' fees paid pursuant to those settlements. See Siva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009). The purpose in reviewing fee awards is to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

3

employee recovers under a settlement agreement." Id.  Thus, this Court must review the negotiated amount of attorneys' fees for reasonableness.

The law provides that "[a] request for attorney's fees should not result in a second major litigation."  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted).  It is "perfectly proper to award attorney's fees based solely on affidavits in the record," and the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses."  Id. (internal quotation marks and citation omitted).

In calculating a reasonable attorneys' fee award, the Court must determine the "lodestar," wherein the Court considers the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate."  Id. at 1302.  Pursuant to the Settlement Agreement in this case, Plaintiffs' attorneys will receive a total of $40,000.00 for approximately 145.8 hours of work expended, which amounts to a rate of $274.35 per hour.

First, the Court must evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

4

and reputation." Id. at 1299.  Here, Plaintiffs request an hourly rate of $274.35.  Plaintiffs' attorneys have submitted affidavits attesting to the reasonableness of this request.  Having considered and weighed the evidence, counsels' representations and experience in the areas of the applicable law, and the Court's familiarity with FLSA litigation and attorney's fees in general, the Court finds that the hourly rate of $274.35 is reasonable and should be awarded in this case.

Next, the Court must evaluate Plaintiffs' requested fee for reasonableness in terms of the total number of hours expended by counsel.  Plaintiffs' counsel request an award for approximately 145.8 hours expended in this litigation.  Having considered and weighed the evidence, including considerable time counsel spent reviewing the time records of the named Plaintiffs as well as records of potential plaintiffs, the collection of factual details from the named Plaintiffs regarding their job duties, and review of the applicable federal regulations, this Court finds the hours spent on this case to be reasonable.  Plaintiffs' attorneys have avoided duplication of work, and each lawyer has provided distinct and necessary contributions in their representation of Plaintiffs.  Additionally, Defendants have no objection to the number of hours Plaintiffs' counsel spent litigating this case.  Finally, lead counsel Joshua Millican avers that the Settlement Agreement sets forth all terms of the proposed settlement, and that there is

no "side deal" or "secret settlement." Thus, the Court finds the negotiated amount of attorneys' fees reasonable.

The Settlement Agreement also provides for the reimbursement of Plaintiffs' litigation costs. The Court finds these costs are reasonable and should be approved pursuant to 29 U.S.C. § 216(b).

## Conclusion

Based on the foregoing, the Court **GRANTS** the Joint Motion for Final Approval of Settlement [Doc. 28] and approves the negotiated amount of attorneys' fees and costs, as specified in the Settlement Agreement. This case is hereby **DISMISSED** with prejudice.

SO ORDERED this 18th day of May, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

AES